852 So.2d 382 (2003)
HTS INDUSTRIES, INC., d/b/a Hal's Towing and T.W.O.B.C., Inc., d/b/a All Points Towing, Appellants,
v.
BROWARD COUNTY, a political subdivision of the State of Florida, Appellee.
No. 4D02-4588.
District Court of Appeal of Florida, Fourth District.
August 20, 2003.
*383 Scott W. Rothstein and Michael A. Pancier of Rothstein, Rosenfeldt, Dolin & Pancier, P.A., Fort Lauderdale, for appellants.
Edward A. Dion, County Attorney for Broward County, Andrew J. Meyers, Chief Appellate Counsel, Tamara M. Scrudders, and James D. Rowlee, Assistant County Attorneys, Fort Lauderdale, for appellee.
SHAHOOD, J.
The issue presented in this appeal is whether appellee, Broward County, a political subdivision of the State of Florida can, by ordinance, regulate amounts charged by tow truck operators for storage after non-consensual towing[1] or is it preempted by federal law from enacting and enforcing such an ordinance. The trial court held in granting appellee's motion for temporary injunction and in denying appellant's motion to dissolve temporary injunction, that the applicable federal statute did not preempt the enactment and enforcement of the Broward County ordinance. We agree and affirm the trial court's rulings.
Broward County ("the County") enacted an ordinance in 2002 which for pertinent purposes of this appeal, established the maximum fee a tow truck company which performs non-consensual tows may legally charge for storage. See § 20-176.29, Broward County Code. The ordinance states that:
(a) The Broward County Commission shall establish maximum rates for providing recovery, nonconsensual towing, immobilization, removal and storage services at the request of a property owner or such property owner's authorized representative, without the prior consent of the vehicle owner or other authorized person in control of the vehicle. The rates established shall be uniform throughout unincorporated and incorporated Broward County, except where municipalities have established differing maximum rates for their jurisdictions. From time to time, the rates established by the Commission may be altered, revised, increased or decreased.
(b) Persons who provide services pursuant to this section shall not charge in excess of the maximum allowable rates *384 established by the Commission. No person providing services pursuant to this section shall charge any type of fee other than the fees for which the Commission has established specific rates.
(c) Storage charges shall be permissible according to the applicable provisions of the Broward County Administrative Code. The rate of storage charges shall be stated at the time the vehicle arrives at the storage facility. The time of arrival shall be accurately noted on the appropriate storage log.
Broward County, Fla., Code § 20-176.29 (Jan. 22, 2002).
Sections 125.0103(c) and 166.043(c), Florida Statutes (2002), enable the county to enact such an ordinance.
The Broward County Consumer Protection Board (the Board) is the agency charged under the Broward County Code with the enforcement of the ordinance.
Subsequent to the enactment of the ordinance, the Board charged the appellants with charging excessive storage fees in the performance of twenty non-consensual tows by one appellant, and four non-consensual tows by the other appellant, and issued cease and desist orders to both appellants. Both appellants acknowledged charging in excess of and in addition to the fees established by the county. However, they asserted that the ordinance was invalid, arguing that the County lacked the authority to regulate local non-consensual storage fees.
The County then filed the instant actions for permanent injunctive relief and for civil penalties against the appellants for violating the ordinance. Thereafter, the County filed an emergency motion for temporary injunction to enjoin the appellants from charging storage fees in excess of those allowable under the County ordinance, alleging that Broward County residents are facing irreparable injury through the continued violations by the appellants of the ordinance; that Broward County residents are without an adequate remedy of law; and that the County demonstrated a substantial likelihood of success on the merits based on the plain wording of the applicable federal statutes indicating that local governmental bodies had the authority to enact legislation establishing the maximum costs tow companies could charge for both the non-consensual tows, and the storage of these vehicles.
An evidentiary hearing was held at which time the appellants conceded that they were repeatedly violating the towing ordinance, admitting that in non-consensual tows, they charged amounts in excess of that allowed under the ordinance.
The sole argument raised by the appellants at the hearing and on appeal was that the County did not have the authority to regulate any costs for towing non-consensual vehicles, other than the actual cost for towing. The appellants argued that the applicable federal statute, 49 U.S.C.A. § 14501(c), preempted any state or local governmental bodies from enacting any legislation affecting any of these additional towing costs, and therefore the appellants stated they would continue to charge the additional fees in the absence of an order or injunction to the contrary.
The trial court orally announced at the hearing that it was granting the County's temporary injunction, believing that it would be "inconceivable" that the County could establish the maximum fees for the towing costs of non-consensual vehicles, but not all other costs that could be charged before an owner or operator could retrieve his or her vehicle from storage.
Thereafter, the trial court entered its order granting the motion for temporary injunction and ordered the appellants to *385 fully comply with the storage rates set forth in the ordinance. The appellants then filed a motion to dissolve the temporary injunction which the trial court denied.
The Supremacy Clause of the United States Constitution declares that "the laws of the United States ... shall be the supreme law of the Land ... any thing in the Constitution or Laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2. As a consequence, any and all state and local laws that conflict with the dictates of federal law must yield to this doctrine and are preempted. See Gibbons v. Ogden, 22 U.S. (9 Wheat.) (1824).
State and local regulations established under the traditional police powers of states are not superseded by federal law unless preemption is the clear and manifest purpose of the federal statute. See City of Columbus v. Ours Garage and Wrecker Serv., Inc., 536 U.S. 424, 432, 438, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002); Lewis v. Brunswick Corp., 107 F.3d 1494, 1500 (11th Cir.1997), abrogated on other grounds, Sprietsma v. Mercury Marine, 537 U.S. 51, 123 S.Ct. 518, 154 L.Ed.2d 466 (2002) (citing Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)). In areas historically regulated by the states through their police powers, the Court must apply a presumption in favor of a narrow interpretation of any express preemption clause. See Lewis, 107 F.3d at 1500 (citing Medtronic, Inc. v. Lohr, 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996)). Any doubts must be resolved in favor of non-preemption. See Lewis, 107 F.3d at 1501.
Congress enacted the Federal Aviation Administration Authorization Act of 1994 ("FAAA Act"), which became codified as part of the Interstate Commerce Act ("ICA") effective January 1, 1995. See P.L. No. 103-305, 108 Stat. 1569, 1607 (1994). Section 601 created a "general rule" that:
[A] State, [or] a political subdivision of a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... with respect to the transportation of property.
49 U.S.C.A. § 11501(h)(1995). Although the Act created some exceptions to this general rule authorizing state regulation, none of these exceptions concerned towing services. See 49 U.S.C.A. § 11501(h)(2)(3). Thereafter, Congress passed the Interstate Commerce Commission Termination Act ("ICCTA"), which took effect on January 1, 1996. See P.L. No. 104-88. Section 103 of the ITTCA recodified former § 11501(h) as 49 U.S.C.A. § 14501(c)(1), with no alteration of the "general rule" preempting the state and local regulation of prices, routes, and services provided by motor carriers that transport property.
However, the ICCTA added three new exceptions to the general rule created by section 14501(c)(1):
(2) Matters not covered. [14501(c)(1) ]
(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum, amounts of financial responsibility relating to insurance requirements and self-insurance authorization;
(B) does not apply to the transportation of household goods; and

*386 (C) does not apply to the authority of a State or a political subdivision of a State to enact or enforce a law, regulation, or other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.
The parties agree that section 14501(c)(1) generally preempts state and local regulation of the towing industry. However, the parties disagree over whether the fees charged at storage facilities may be established by the Broward County ordinance. It is clear that neither of the first two exceptions would permit the County to enact an ordinance imposing a ceiling on storage fees and other costs, other than the towing cost which the appellants do not question. Regarding the third exception, the appellants argue that it is "blatantly clear that a storage fee is not a fee for `transportation by a tow truck.'"
The County, to the contrary, argues that 49 U.S.C.A. § 14501 does not evince a clear manifest intent to preempt local regulation of storage or other fees incident to non-consensual towing. We agree.
Section 49 U.S.C.A. § 13102(21), addressing Interstate Transportation, defines "transportation" to include:
(A) a motor vehicle ... related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
(B) services related to that movement, including ... storage ...
49 U.S.C.A. § 13102(21)(A)-(B)(2002) (emphasis added).
It is clear therefore that the transportation of a vehicle, including the storage of a vehicle, has been left by Congress to the State and local governing bodies to regulate. See Ace Auto Body & Towing, Ltd. v. City of New York, 171 F.3d 765, 771 (2d Cir.1999) (noting that the common definition of transportation "ignores the broader statutory definition that Congress intended to apply to § 14501" as expressed by § 13101[21] ... "the statutory definition explicitly broadens `transportation' to include storage ....") (emphasis added).
We accordingly hold that the applicable federal statutes, the FAAA Act and the ICA, together with the subsequently enacted ICCTA, do not preempt the enactment and enforcement of the Broward County ordinance regulating the amounts charged by tow truck operators for storage after non-consensual towing.
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] "`Non Consensual' towing services occur when law enforcement or other local authorities determine that a vehicle must be towed and the owner of the vehicle is not afforded the opportunity to request towing services from a specific company." R. Mayer of Atlanta, Inc. v. City of Atlanta, 158 F.3d 538, 541 n. 2 (11th Cir.1998).